UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **FLOYD JUNIOR JAYCOX,** | § § § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION V-05-106 |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Institutional Division,** | § § | |
| Respondent. | § | |

## MEMORANDUM OPINION & ORDER

Floyd Junior Jaycox filed a petition for writ of habeas corpus challenging his state court conviction. Respondent has filed a Motion for Summary Judgment (Dkt. # 19) seeking to have the action dismissed on exhaustion and statute of limitations grounds. After considering the motion, response, and applicable law the Court is of the opinion that Respondent's motion should be GRANTED in part.

### Procedural History

Petitioner was charged with burglary of a habitation. *State of Texas v. Floyd Junior Jaycox*, No. 2002-12-5846 (24th Dist. Ct., Calhoun County, Tex.). On March 6, 2003, he entered a plea of guilty, and after accepting the plea, the trial court placed him on ten years deferred adjudication. Petitioner was adjudicated guilty on February 24, 2004 after violating provisions of his community supervision, to which he plead true, and he was sentenced to 35 years imprisonment.

Petitioner appealed his conviction and the revocation of his deferred adjudication to the Thirteenth Court of Appeals, which was dismissed on March 31, 2005. *Jaycox v. State*, No. 13-04-141-CR (Tex. App.–Corpus Christi 2005, no pet.). Petitioner did not file a petition for discretionary review, but instead filed a state application for habeas corpus on May 24, 2005. *Ex Parte Jaycox*,

No. 40,485-12. On September 28, 2005, the Court of Criminal Appeals dismissed Petitioner's application because his direct appeal was still pending, i.e. the mandate was not issued by the Court of Appeals until October 3, 2005. Petitioner filed two additional state writ applications on July 5, 2005 and July 27, 2005, which were dismissed for the same reasons. *Ex Parte Jaycox*, Nos. 40,485-13, 14.

Petitioner filed his first federal habeas petition on August 30, 2005, which was dismissed without prejudice by this Court on October 14, 2005 for failure to exhaust state court remedies. *Jaycox v. Dretke*, No. 6:05-CV-92 (S.D. Tex. 2005). On October 10, 2005, Petitioner filed the instant petition in which he challenges his conviction and probation revocation. Petitioner makes the following allegations:

1. His due process rights were violated when the State conducted a "defective revocation of probation hearing," and the trial court allowed inadmissible, false evidence and perjured testimony regarding a dropped rape charge and a prior felony;

2. His probation revocation constituted double jeopardy because the State relied on two prior convictions;

3. His conviction was improperly enhanced to a first-degree felony;

4. He was tricked into pleading guilty to a first-degree felony instead of a second-degree felony as authorized by law;

5. The admonishments he received prior to pleading guilty are void due to the improper enhancement of a second-degree offense to a first-degree offense;

6. Accepting the State's recommended sentence of 35 years without Petitioner's agreement;

7. Petitioner was entrapped into violating the terms of his probation;

8. He was denied effective assistance of counsel because his trial and appellate counsel conspired with the State to wrongly convict him;

9. There was insufficient evidence to support the probation revocation; and

  10. The State suppressed favorable evidence of character of police informant.

**Summary Judgment Standard**

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998).[1] The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical

---

[1] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 541 U.S. 913 (2004). Therefore, 28 U.S.C. § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986).

## Analysis

Petitioner filed the instant petition on October 10, 2005,[2] and therefore, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997); *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (finding the AEDPA became effective on April 24, 1996 and applies to all federal habeas corpus petitions filed on or after that date).

Under the AEDPA, the doctrine of exhaustion requires that state prisoners applying for a writ of habeas corpus must first exhaust their available remedies in a state court before seeking redress in federal court.[3] *See Rose v. Lundy*, 455 U.S. 509 (1982); *Myers v. Collins*, 919 F.2d 1074 (5th Cir. 1990). Exhaustion requires that the each of the federal claims have been fairly presented to the

---

[2] A prisoner's habeas petition is filed when he delivers it to the prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). October 10, 2005 is the earliest Petitioner could have delivered his petition for mailing because that is the date he signed the petition.

[3] 28 U.S.C. § 2254(b) provides:

> An application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

highest court of the state. *Id.* at 1076; *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). In Texas, a petitioner satisfies this requirement by presenting his claims to the Texas Court of Criminal Appeals by filing a petition for discretionary review, or by filing a post-conviction writ of habeas corpus. *See* TEX. CODE CRIM. PROC. art. 11.07; *Richardson v. Procunier*, 762 F.2d 429, 431–32 (5th Cir. 1985).

Although Petitioner arguably presented his claims to the Texas Court of Criminal Appeals, his applications were dismissed because he filed them prematurely while his direct appeal was still pending. The mandate from the Court of Appeals had not issued at the time Petitioner filed his state writ applications, so the Court of Criminal Appeals did not have jurisdiction to consider his claims. *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004). A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the [merits of the] claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state court." *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (alteration and internal quotations omitted). Thus, because Petitioner's applications for state habeas corpus relief were improperly presented to the state court, his claims remain unexhausted and must be dismissed to give the Court of Criminal Appeals the opportunity to rule on the merits of Petitioner's claims.[4]

Accordingly, this cause of action is dismissed, without prejudice, for failure to exhaust state remedies as required by 28 U.S.C. § 2254.

---

[4] Petitioner's failure to properly present his claims to the state court does not result from either an "absence of State corrective procedures" or state procedures that are "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). The Texas courts are fully available and able to review the claims of Petitioner upon a properly filed application for habeas relief.

**Certificate of Appealability**

Should Petitioner file an appeal challenging this dismissal, the Court denies issuance of a certificate of appealability because he has failed to make a credible showing that he has exhausted his state remedies as discussed in this order. *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

**Conclusion**

The Court **ORDERS** the following:

1. The Respondent's Motion for Summary Judgment (Dkt. # 19) is **GRANTED** in part.

2. Petitioner's Motion to Dismiss his Petition for Failure to Exhaust his State Court Remedies (Dkt. # 25) is deemed moot.

3. All other Motions (dkt. #s 8, 9, and 25) are **DENIED**.

4. This action is **DISMISSED** without prejudice.

5. A Certificate of Appealability is **DENIED**.

**SIGNED** this 18th day of March, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE